# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**JARON JAY JACKSON,**

      **Petitioner,**

    **v.**

             **Civil Case No. 26-C-1174**
             Crim. Case No. 22-CR-0055

**UNITED STATES OF AMERICA,**

      **Respondent.**

---

## SCREENING ORDER ON MOTION TO VACATE CONVICTION

---

Jaron Jay Jackson pleaded guilty to Sex Trafficking of a Minor and Transportation of Child Pornography in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 2252A(a)(1). He was sentenced to 240 months imprisonment. Jackson appealed his conviction and sentence, claiming that the court had erred in denying his motion to suppress evidence consisting of photographs, text messages, and a video that were found on his cell phone. The court denied the motion both as untimely and on the merits. The Court of Appeals affirmed Jackson's conviction in a decision entered on March 28, 2025. The case is now before the court on Jackson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims under § 2255. Here Jackson asserts a single ground for relief: ineffective assistance of counsel. Jackson claims that both attorneys who represented him at the trial court level provided ineffective assistance in violation of his Sixth Amendment right to counsel. Jackson alleges that his first attorney, Attorney Thomas Phillip, conducted inadequate investigation into possible suppression issues and caused the pretrial motions deadlines to be missed. Jackson further alleges that Attorney Jeffrey Jensen, who replaced Phillip, similarly failed to adequately investigate suppression issues before filing his motion and failed to contest the initial warrantless seizure of his phone.

The court notes at the outset that Jackson's petition appears to be timely. A one-year period of limitations applies to motion under 28 U.S.C. § 2255. As applicable here, the limitation period runs from the date on which the Judgment of Conviction becomes final. 28 U.S.C. § 2255(f)(1). Jackson's conviction was affirmed by a decision issued on March 28, 2025. He did not file a petition for certiorari, and so his judgment became final 90 days later, or on June 26, 2026. *Kemp v. United States*, 596 U.S. 528, 531 (2022) ("For someone who, like Kemp, does not petition this Court for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment."). Although his motion to vacate was not filed until July 2, 2026, Jackson states under penalty of perjury that he placed it in the prison mailing system on June 25, 2026. Crim. Dkt. No. 72 at 12. Under the mailbox rule, this is sufficient to establish the motion is timely. *See Hurlow v. United States*, 726 F.3d 958, 962 (C.A.7 (Ind.), 2013) (Under the prison mailbox rule, a prisoner's pleading "is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk.").

But even though it appears to be timely, Jackson's motion fails to state a cognizable claim under § 2255. Jackson alleges that Attorney Phillip was ineffective because he failed to timely

file a motion to suppress the evidence discovered on his phone. When Attorney Jensen was appointed, he did file a motion to suppress that evidence on the ground that the police unreasonably delayed seeking a warrant to search his phone. Jackson's phone was seized from him on June 30, 2019, at the time of his arrest, but law enforcement waited 40 days to request a warrant and it took almost two years to by-pass the phone's password protection and complete the search. Attorney Jensen argued that under existing caselaw, the delay was unreasonable and the evidence obtained with the warrant should be suppressed.

Although the court concluded that Attorney Jenson's motion was untimely and could be denied for that reason alone, the court nevertheless proceeded to address the motion on the merits to fend off a collateral attack under § 2255. Dkt. No. 43. The court then fully considered the motion and denied it on the merits. The Court of Appeals undertook the same analysis in affirming Jackson's conviction. Dkt. No. 68-1 at 2. Thus, Jackson's claim that his attorneys' failure to timely file a motion to suppress fails for the simple reason that both this court and the Court of Appeals denied the motion to suppress on the merits. As a result, he suffered no harm from counsels' failure to timely file the motion.

The balance of Jackson's claims amount to little more than a complaint over what his attorneys failed to do. He alleges that Attorney Phillip and/or Attorney Jensen did not thoroughly investigate the warrantless seizure of his phone, did not investigate a *Franks* issue with the search warrant pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), did not investigate JV[Juvenile Victim]-2's suggestive identification of him from a single photograph, and did not look into metadata that is missing from a video of himself and a person alleged to be JV-1. But what his attorneys failed to do does not matter and is irrelevant unless it resulted in a failure to uncover a valid defense to the charges Jackson was facing. Jackson's motion fails to allege any facts that even suggest his attorneys failed to discover a valid defense.

For example, his allegation that his attorneys failed to investigate the unduly suggestive out-of-court identification of him by JV-2 from a single photograph of him would amount to ineffective assistance only if his identification was in dispute and JV-2's identification of him was not reliable. In determining whether an unduly suggestive identification is nevertheless reliable, the court looks to the following factors: "(1) the opportunity of the witness to observe the criminal at the time of the crime (or prior to the identification); (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the time of the identification; and (5) the length of time between the crime and the identification." *Lee v. Foster*, 750 F.3d 687, 692 (7th Cir. 2014) (citing *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972)). Here, identity was not in dispute since JV-2's previous contact with Jackson was substantial. Jackson had trafficked JV-2 for sex between May 19, 2019, when she arrived in Chicago, and May 24, 2019, when her father picked her up near the airport. Presentence Investigation Report (PSI), Dkt. No. 51 ¶ 30. Between 150 and 300 total digital images of both JV-1 and JV-2 engaging in sexually explicit conduct were found on Jackson's phone. *Id.* ¶ 22. Jackson recruited JV-2 using text messages and she stayed with him in Chicago hotels. *Id.* ¶ 30. In showing her a photo of Jackson, it appears law enforcement was simply confirming her identification of him. In any event, given her prior history with him and the nature and quantity of other evidence against him, it was not unreasonable for counsel not to challenge JV-2's identification of Jackson as the person who sex trafficked her.

The remaining allegations are even weaker. Jackson offers no reason why his attorneys should have challenged the seizure of his phone. He was arrested on June 30, 2019, on a warrant for absconding from supervision and police had developed probable cause for his arrest for sex trafficking though, given his status as a person on extended supervision, only reasonable suspicion was required for his arrest. His allegation that they failed to seek a *Franks* hearing lacks support

4

since he offers no reason to believe such a hearing was called for. Similarly, Jackson's invocation of "metadata that's missing" does not even suggest that his attorneys were ineffective in failing to discover whatever he thinks might exist. More is required to state a claim for habeas relief under § 2255.

"Habeas corpus petitions must meet heightened pleading requirements ...." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). Although *McFarland* dealt with a petition for relief under § 2254, the same is true of petitions seeking relief under § 2255. The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n.31.

In sum, Jackson's motion fails to state a claim cognizable under § 2255. Rather than deny his motion and dismiss the case, Jackson will be given an opportunity to amend if he can do so in good faith and cure the defects noted above. Jackson will be allowed 45 days from the date of this

5

order in which to do so. If he fails to file an amended motion within that time, the motion will be denied and the case dismissed.

Jackson's request for discovery is denied. Jackson need not include citations to the record to support his claims. He must only state them in clear terms and allege facts that support them. A motion to vacate a conviction under § 2255 is not a fishing expedition. *Donald v. Spencer*, 656 F.3d 14, 16 (1st Cir. 2011). Rule 6(a) of the Rules Governing Section 2255 Proceedings states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). Speculative theories and baseless allegations are not good cause.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of July, 2026.

William C. Griesbach
United States District Judge