UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JARON JAY JACKSON,**

**Petitioner,**

**v.**

**Civil Case No. 26-C-1174**
**Crim. Case No. 22-CR-0055**

**UNITED STATES OF AMERICA,**

**Respondent.**

**SCREENING ORDER**

Jaron Jay Jackson pled guilty to Sex Trafficking of a Minor and Transportation of Child Pornography in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and 2252A(a)(1). He was sentenced to a term of imprisonment of 240 months. On July 2, 2026, Jackson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court denied that motion for failure to state a cognizable claim but gave him an opportunity to amend his motion if he could do so in good faith and cure the defects noted in the Court's order. This matter now comes before the Court on Jackson's motion to supplement his § 2255 motion.

Rather than file an amended motion, Jackson filed a supplement of over fifty handwritten pages, citing an abundance of case law but failing to state his claims with clarity and precision. "Even *pro se* litigants are held to minimal standards of pleading and motion practice, and in framing their grounds for § 2255 relief it is well for them to remember what the Seventh Circuit has said []: 'Judges are not like pigs, hunting for truffles buried in briefs.'" *Zambrana v. United*

*States*, 790 F. Supp. 838, 843 (N.D. Ind. 1992) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)).

Further, Jackson's supplement fails to comply with the Rules Governing Section 2255 Proceedings. Those rules require that the application "be in the form of a motion to vacate, set aside, or correct the sentence," not in the form of a supplement to an earlier motion. The rules also require that the motion "substantially follow . . . the form prescribed by a local district-court rule." In this district, the form for § 2255 motions states that a supporting memorandum is limited to fifteen pages, far shorter than the supplement Jackson submitted to the Court. These rules were adopted for important reasons—the Court, "with its large volume of habeas petitions, saves valuable time if it is not required to comb through unwieldy, lengthy motions." *Moore v. United States*, 2016 WL 11668978, at *3 (S.D. Fla. 2016).

Jackson is therefore ordered to file a concise, amended § 2255 motion in the proper form, which shall be due in this Court no later than October 23, 2026. That form shall state in clear terms the facts supporting Jackson's claim for deficient performance and how that performance prejudiced him. The movant is cautioned that his pleading must comply with the local rules and that any supplemental memorandum shall not exceed fifteen pages, absent leave of court and upon a showing of good cause. Jackson is also reminded that any claims lacking sufficient factual support will be subject to dismissal.

The Clerk is directed to include with this order a copy of the Court's form for a Motion to Vacate, Set Aside, or Correct a Sentence - § 2255 Motion.

**SO ORDERED** this 4th day of September, 2026.

William C. Griesbach
United States District Judge